In the United States District Court in the Northern District of Iowa

UNITED STATES

v.

MICHAEL G. DENSON

No. 23-CR-1003-CJW

Plaintiff

RECEIVED
MAY 16 2023
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

## Motion For Disclosures Under Brady/Giglio, etc

Comes now Defendant, Michael Denson and for his motion states:

1.) Defendant Denson hereby request the prompt disclosure of all discovery or exculpatory information pursuant to Brady v Maryland, 373 US 83 (1963); Giglio v U.S., 405 US 150 (1972); or progeny.

2.) Such disclosure should include but not be limited to impeachment material, criminal history information, prior bad acts, consideration, promises, or leniency, threats, prior testamony, capacity to testify, etc.

3.) Defendant Denson requests all such material now in the possesion of, or available to the Government, be disclosed within 14 days; and that all such information coming into the possesion of the government at a later time be disclosed within a reasonable time of the discovery or knowledge of that information.

4.) Defendant Denson request the disclosure of all information discoverable under federal rules or any local rules applicable to federal criminal case.

5.) The government should be required to make reasonable inquiry of proper persons in the offices of counsel for the government, or other offices or persons likely to have discoverable information, so as to ensure that all the government fully complies with its disclosure duties.

6.) Defendant Denson request the disclosure of any facts for which he will or might be punished in the case of a guilty plea or guilty verdict or finding of guilt after a bench trial, other than or in addition to those facts set forth in plain language within the indictment.

WHEREFORE, Defendant Michael G. Denson respectfully request an order commanding the government to comply with all lawful discovery disclosure

requirements, within 14 days of the Courts order, based upon the exercise of reasonable due dilligence; commanding the government to supplement within a reasonable time of coming into possesion or knowledge of discoverable information; and for such other and further relief as may be appropriate, whether or not specifically requested.

By: _____   5-15-2023
Michael Garrick Denson                Date
Linn County Jail
PO Box 608-
Cedar Rapids, IA -52402

## Certificate of Service

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date set forth above he placed a copy of the pleading in the jail outgoing mail receptocle, with sufficient postage attached, addressed to the clerk of court for filing and service via CM/ECF

United States District Court Northern District of Iowa
Eastern (Dubuque) Division

| UNITED STATES, Plaintiff | No. 2:23-CR-1003-CJW-MAR |
| v. | Motion for Disclosure Of |
| MICHAEL DENSON, Defendant | Cooperators |

RECEIVED
MAY 16 2023
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Comes now Defendant Michael Denson, and for his motion states:

1.) Defendant Denson is currently incarcerated.

2.) On information and belief, Defendant Denson is at least some of the time incarcerated with "co-operators", who provide information or testimony or other services for state, local, or federal governments, or their agencies or associates.

3.) Defendant Denson has exercised his right to speak to government officials and agents ONLY ① by and through 6th Amendment counsel, or ② in writing, based upon knowledge of the name, ID #, current employment status, current job title, and disclosure of all government employment within the past 10 years.

4.) It is well known that the government sometimes uses incarcerated persons to ask questions and gain admissions from criminal defendants or unindicted targets to whom the co-operator has access.

5.) If defendant Denson knows or has good reason to believe that any person, whether or not incarcerated, is a DE FACTO government agent, or co-operator with any government agency, he will not speak with that person, or in his presence or within earshot, except by and through counsel.

6.) If a co-operator has ACCESS to Defendant Denson, that would give said co-operator plausible basis for testifying about things allegedly said by the defendant, whether or not such testimony might have any basis in fact.

7.) Defendant Denson claims and exercises his 5th amendment right not to be a witness against himself in any criminal case, unless and until advised to do otherwise by competent counsel.

8.) Being involuntarily forced to live in close quarters with a co-operator carries a serious probability of being forced to live with false testimony (which may be utterly devastating) which may also render his 5th AMENDMENT right not to be a witness against himself in a criminal case or nearly so.

9.) The government has multiple "pods" (inmate housing units) at Defendant Denson's place of confinement.

10.) Thus the government can either move co-operators to a pod of their own choosing, or else identify said cooperators to Defendant Denson.

11.) Thus the government will not be prejudiced by being forced to either disclose all co-operators, when and as they become known, or else promptly move said co-operators out of proximity with Defendant Denson.

12.) Defendant Denson therefore respectfully request the identification of all persons incarcerated with him, who are cooperating with any government agency, or who have coperated within the past 10 years.

13.) Defendant Denson has no intention of committing any unlawful act against any co-operator.

14.) Defendant Denson therefore respectfully request the identification of all persons incarcerated with him, who are cooperating with any government agency, or who have co-operated with the past 10 years.

15.) To the extent that the government has less restrictive means to protect Defendant Denson's legal rights, with less impact on government operations, Defendant Denson respectfully request that the government plead and present any such alternatives for the consideration of this court, giving Defendant Denson fair opportunity for response.

16.) This request is made for legitimate purposes.

**WHEREFORE**, Defendant Denson respectfully requests and order that the government disclose to the said Defendant Denson all co-operators, whether formal or informal, who have physical access to Defendant Denson while incarcerated, whether pretrial, post-trial, or otherwise; and for such other and further relief as may be appropriate whether or not specifically requested.

By: *[signature]*       5-15-2023
Michael Garrick Denson    Date
Linn County Jail
PO Box 608
Cedar Rapids, IA-52406

## Certificate of Service

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date set forth above he placed a copy of this pleading in the jail outgoing mail receptacle, with sufficient postage attached, addressed to the clerk of court for filing and service via CM/ECF

Michael G. Denson
Linn County Correctional Center
PO Box 608
Cedar Rapids, IA 52406-0608



XRAYED US MARSHALS SERVICE

US POSTAGE PITNEY BOWES
ZIP 52404 $ 000.60
02 1W
0001403505 MAY 15 2023

5-15
a

U.S. District Court, Northern District of Iowa
Clerk of Court
111 7th Ave SE
Cedar Rapids, IA- 52401

Michael G. Denson
Linn County Correctional Center
PO Box 608
Cedar Rapids, IA 52406-0608

XRAYED US MARSHALS SERVICE

US POSTAGE PITNEY BOWES
ZIP 52404 $ 000.60⁰
02 1W
0001403505 MAY 15 2023

5-15
a

U.S. District Court, Northern District of Iowa
Clerk of Court
111 7th Ave SE
Cedar Rapids, IA -52401

* LEGAL MAIL *

5240182101 C001