# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL GARRICK DENSON,

        Defendant.

No. 23-CR-1003-CJW-MAR

**JURY INSTRUCTIONS**

_____

Members of the Jury:

In the next few moments, I am going to give you instructions about this case and about your duties as jurors. I will also give you additional instructions at a later time. Unless I specifically tell you otherwise, all instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

The instructions I am about to give you now are in writing and will be available to you in the jury room. In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

1

# INSTRUCTION NO. 1

This is a criminal case the United States has brought against the defendant. The charges are set forth in what is called an Indictment.

Count 1 of the Indictment charges that, between on or about February 2018, and continuing to on or about February 2020, in the Northern District of Iowa, defendant Michael Garrick Denson, did knowingly and intentionally combine, conspire, confederate, and agree with others, to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; 50 grams or more of actual (pure) methamphetamine, commonly called "ice" methamphetamine; and 100 grams or more of heroin, a Schedule I controlled substance.

Count 2 of the Indictment charges that, on or about July 23, 2019, in the Northern District of Iowa, defendant Michael Garrick Denson, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

The defendant has pled not guilty to these charges.

You are instructed that an Indictment is simply an accusation. It is not evidence of anything. The defendant has pled not guilty, and he is presumed to be innocent unless and until proven guilty beyond a reasonable doubt. Thus, the defendant begins the trial with a clean slate, with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. Accordingly, if the defendant does not testify, that fact must not be considered by you in any way, or even discussed, in arriving at your verdicts.

2

# INSTRUCTION NO. 2

It will be your duty as jurors to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in my instructions. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that the defendant is on trial only for the crimes charged, not for anything else.

# INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the following: the testimony of the witnesses, the documents and other things received as exhibits, and the facts that have been stipulated to—that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things again for you now:

1.     Statements, arguments, questions and comments by the lawyers are not evidence.

2.     Anything that might have been said by jurors, the attorneys, or the judge during the jury selection process is not evidence.

3.     Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by objections. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4.     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

5.     Anything you see or hear about this case outside the courtroom is not evidence.

During the trial, documents and objects may be referred to but not admitted into evidence. In such a case, these items will not be available to you in the jury room during deliberations.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you if this occurs and instruct you on the purposes for which the item can and cannot be used.

## INSTRUCTION NO. 4

There are two types of evidence from which you may properly find the truth as to the facts of this case: direct evidence and circumstantial evidence. Direct evidence is the evidence of the witnesses to a fact or facts of which they have knowledge by means of their senses. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. 5

The jurors are the sole judges of the weight and credibility of the testimony, and the value to be given to the testimony, of each witness who testifies in this case. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

You may hear testimony about the character and reputation of one or more of the witnesses for truthfulness. You may consider this evidence only in deciding whether to believe the testimony of that witness and how much weight to give to it.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

If the defendant chooses to testify, you should judge that testimony in the same manner as you judge the testimony of any other witness.

# INSTRUCTION NO. 6

In the previous instruction, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you are to consider the testimony of certain witnesses.

A witness may be discredited or impeached by contradictory evidence; by showing that the witness testified falsely concerning a material matter; by showing that the witness has a motive to be untruthful; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

You may hear evidence that some witnesses were once convicted of a crime. If so, you may use that evidence only to help you decide whether you believe those witnesses and how much weight to give their testimony.

You may hear evidence that certain witnesses who stated that they participated in a crime or crimes charged against the defendant. If so, their testimony would be received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may be influenced by their desire to please the government or to strike a good bargain with the government with respect to their own situation will be for you to determine.

You may hear evidence that certain witnesses made an agreement with the government. If so, their testimony may be received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may be influenced by the plea agreement will be for you to determine. A witness' guilty plea cannot be considered by you as any evidence of the defendant's guilt. A witness' guilty plea can be considered by you only for the purpose of determining how much to rely upon the witness' testimony, if you choose to rely on it at all.

You may hear evidence that certain witnesses hope to receive a reduced sentence

**(CONTINUED)**

on criminal charges pending against them in return for their cooperation with the government in this case. If the prosecutor handling a witness' case believes that the witness provided substantial assistance, that prosecutor can file a motion to reduce the witness' sentence in the court where the witness' charges are pending. The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it. You may give the testimony of these witnesses such weight as you think it deserves. Whether or not their testimony may be influenced by their hopes of receiving a reduced sentence will be for you to determine.

## INSTRUCTION NO. 7

You may hear testimony from persons who, by knowledge, skill, training, education, or experience, have become expert in some field. They are permitted to give their opinions on matters in that field and may also state the reasons for their opinions.

Such testimony should be considered just like any other testimony. You may accept or reject the testimony of these witnesses just like any other testimony. After considering such a witness' education and experience, the reasons given for the opinion, and all the other evidence in the case, you may give that witness' testimony whatever weight, if any, you think it deserves.

Case 2:23-cr-01003-CJW-MAR   Document 49-1   Filed 09/01/23   Page 9 of 38

## INSTRUCTION NO. 8

You may hear audio recordings of conversations. These conversations were legally recorded, and you may consider the recordings just like any other evidence.

## INSTRUCTION NO. 9

You may hear testimony that the defendant made a statement to law enforcement. It is for you to decide:

*First*, whether the defendant made the statement, and

*Second*, if so, how much weight you should give to it.

In making these two decisions, you should consider all of the evidence, including the circumstances under which they statement may have been made.

## INSTRUCTION NO. 10

Exhibits will be admitted into evidence and are to be considered along with all of the other evidence to assist you in reaching your verdicts. During your deliberations, you are not to tamper with the exhibits or their contents, and you should leave the exhibits in the jury room in the same condition as they were received by you.

Case 2:23-cr-01003-CJW-MAR    Document 49-1    Filed 09/01/23    Page 12 of 38

## INSTRUCTION NO. 11

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Case 2:23-cr-01003-CJW-MAR   Document 49-1   Filed 09/01/23   Page 13 of 38

## INSTRUCTION NO. 12

The crime of conspiracy to distribute a mixture or substance containing methamphetamine and/or actual (pure) methamphetamine and/or heroin, as charged in Count 1 of the Indictment, has three elements, which are:

*One*, that between in or about February 2018, and continuing to on or about February 2020, in the Northern District of Iowa, two or more persons reached an agreement or came to an understanding to distribute a mixture or substance containing methamphetamine and/or actual (pure) methamphetamine and/or heroin;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

For you to find the defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty of the crime charged in Count 1 of the Indictment.

## INSTRUCTION NO. 13

To assist you in determining whether there was an agreement or understanding to commit the crime of conspiracy to distribute a mixture or substance containing methamphetamine and/or actual (pure) methamphetamine and/or heroin, you are advised that the elements of distribution of a controlled substance are:

*One*, a person intentionally transferred a mixture or substance containing methamphetamine and/or actual (pure) methamphetamine and/or heroin to another individual; and

*Two*, at the time of the transfer, the person knew that it was a controlled substance. It is not necessary the person knew that the substance was a mixture or substance containing methamphetamine and/or actual (pure) methamphetamine and/or heroin, as long as the person knew the substance was some controlled substance.

## INSTRUCTION NO. 14

In considering whether the government has met its burden of proving a conspiracy as alleged in Count 1 of the Indictment, you are further instructed as follows:

The government must prove, beyond a reasonable doubt, that the defendant reached an agreement or understanding with at least one other person. It makes no difference whether that other person is a defendant or named in the Indictment as long as you find beyond a reasonable doubt that there was at least one other co-conspirator.

The "agreement or understanding" need not be an express or formal agreement, or in writing, or cover all the details of how it is to be carried out. Nor is it necessary that the members directly stated among themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others, or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purposes of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after hearing and considering all of the evidence, whether the conspiracy alleged in Count 1 of the Indictment existed. If you find that the alleged conspiracy did exist, you must also decide whether the defendant voluntarily and intentionally joined the conspiracy, either at the time it was first formed or at some later time while it was still in effect. In making that decision, you must consider only evidence

**(CONTINUED)**

Case 2:23-cr-01003-CJW-MAR   Document 49-1   Filed 09/01/23   Page 16 of 38

of the defendant's own actions and statements.

It is not necessary for the government to prove that the conspiracy actually succeeded.

**INSTRUCTION NO. 15**

If you find beyond a reasonable doubt that the conspiracy charged in Count 1 of the Indictment existed and that the defendant was a member, then you may consider acts knowingly done and statements knowingly made by the defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant, even though the acts were done or the statements were made in the absence of, and without the knowledge of, the defendant. This includes acts done or statements made before the defendant joined the conspiracy, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all the conduct of the co-conspirators from the beginning of the conspiracy as charged in Count 1.

Case 2:23-cr-01003-CJW-MAR    Document 49-1    Filed 09/01/23    Page 18 of 38

## INSTRUCTION NO. 16

The crime of possession with intent to distribute a controlled substance, as charged in Count 2 of the indictment, has three elements, which are:

*One*, on or about July 23, 2019, in the Northern District of Iowa, the defendant was in possession of a mixture or substance containing a detectable amount of heroin;

*Two*, the defendant knew that he was in possession of some controlled substance; and

*Three*, the defendant intended to distribute some or all of the controlled substance to another person.

For you to find that defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty of the crime charged in Count 2 of the Indictment.

Case 2:23-cr-01003-CJW-MAR   Document 49-1   Filed 09/01/23   Page 19 of 38

## INSTRUCTION NO. 17

The term "distribute" as used in these instructions means to deliver a controlled substance to the possession of another person. The term "deliver" means the actual or attempted transfer of a controlled substance to the possession of another person. No consideration for the delivery need exist, and it is not necessary that money or anything of value change hands. The law is concerned with the act of distribution of a controlled substance and does not concern itself with any need for a "sale" to occur.

## INSTRUCTION NO. 18

You are instructed as a matter of law that a mixture or substance containing methamphetamine and actual (pure) methamphetamine is a Schedule II controlled substance, and a mixture or substance containing heroin is a Schedule I controlled substance.

For Count 1, the conspiracy count, the quantity of controlled substances involved in the agreement or understanding includes the controlled substances a defendant possessed for personal use or distributed or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the defendant.

# INSTRUCTION NO. 19

With respect to the question of the defendant's guilt for the offense charged in Count 1, the government is not required to prove that the amount or quantity of a mixture or substance containing a detectable amount of methamphetamine and/or actual (pure) methamphetamine and/or heroin was as charged in the Indictment. The government need only prove beyond a reasonable doubt that there was a detectable amount of methamphetamine and/or heroin.

If you find the defendant guilty of the offense charged in Count 1, you must determine whether the crime involved a mixture or substance containing a detectible amount of methamphetamine or if it involved actual (pure) methamphetamine or if it involved heroin.

If you determine the offense involved a mixture of methamphetamine, you will need to determine if the quantity was: (1) 500 grams or more; (2) 50 grams or more but less than 500 grams; (3) or less than 50 grams.

If you determine the offense involved pure (actual) methamphetamine, you will need to determine if the quantity involved was: (1) 50 grams or more; (2) 5 grams or more but less than 50 grams; or (3) less than 5 grams. If you determine the offense involved heroin, you will need to determine if the quantity involved was: (1) 100 grams or more; or (2) less than 100 grams.

The government has the burden of proof to establish a quantity beyond a reasonable doubt. For your information, one ounce equals 28.35 grams, one pound equals 453.6 grams, and one kilogram equals 1,000 grams.

## INSTRUCTION NO. 20

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions, it includes actual as well as constructive possession and also sole as well as joint possession.

## INSTRUCTION NO. 21

The government is not required to prove that the defendant knew that his acts or omissions were unlawful. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident.

Knowledge may be proved like anything else. You may consider any acts done or statements made by the defendant in connection with the offense, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge.

## INSTRUCTION NO. 22

Intent may be proven by circumstantial evidence. It rarely can be established by other means. Although witnesses may see or hear and thus be able to give direct evidence of what a person does or fails to do, there can be no eyewitness account of the state of mind with which the acts were done or omitted. But what a defendant does or fails to do may indicate intent or lack of intent to commit an offense.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done, but you are not required to do so. As I have said, it is entirely up to you to decide what facts to find from the evidence.

Case 2:23-cr-01003-CJW-MAR   Document 49-1   Filed 09/01/23   Page 25 of 38

## INSTRUCTION NO. 23

You will note that the Indictment charges that the offense was committed "between about" or "on or about" certain dates. The government need not prove with certainty the exact date or the exact time period of the offense charged. It is sufficient if the evidence establishes that the particular offense occurred within a reasonable time of the date or period of time alleged in the Indictment.

# INSTRUCTION NO. 24

At the end of the trial, you must make your decisions based on what you recall of the evidence. You will not have a written transcript to consult. Therefore, you must pay close attention to the testimony as it is given.

If you wish, you may take notes during the presentation of evidence to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by the witnesses.

During deliberations, in any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was.

We have given each juror an envelope with a pad and pen in it. The envelopes are numbered according to your seat in the jury box. When you leave for breaks or at night, please put your pad and pen in the envelope and leave the envelope on your chair. Your notes will be secured, and they will not be read by anyone. At the end of trial and your deliberations, your notes should be left in the jury room for destruction.

## INSTRUCTION NO. 25

During the trial, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference while the jury is present in the courtroom or by calling a recess. If a bench conference is held in the courtroom, we will switch on what we refer to as "white noise" so that the jurors cannot hear what is being said by the lawyers and me. While bench conferences are being conducted, you should feel free to stand and stretch and visit among yourselves about anything except the case.

## INSTRUCTION NO. 26

The trial will proceed in the following manner:

First, the attorney for the government will make an opening statement. Next, the attorney for the defendant may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorneys expect the evidence to be.

The government will then present its evidence, and the attorney for the defendant may cross-examine the government's witnesses. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the attorney for the government may cross-examine them.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that, the court will instruct you further regarding your deliberations, and you will retire to deliberate on your verdicts.

# INSTRUCTION NO. 27

During the course of the trial, to ensure fairness, you as jurors must obey the following rules.

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdicts.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, do not use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, or Twitter, to communicate to anyone any information about this case, or your opinions concerning it, until the trial has ended and you have been discharged as jurors.

*Fourth*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdicts have been accepted by me. If someone should try to talk with you about the case during the trial, please report it to me through the Court Security Officer.

*Fifth*, during the trial, you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall or the like, it is because they are not supposed to talk or visit with you.

*Sixth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case, or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading

**(CONTINUED)**

any newspapers or news journals at all and avoid listening to any TV or radio newscasts at all.

I do not know whether there might be any news reports of this case, but, if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case you will know more about the matter than anyone will learn through the news media.

*Seventh*, do not do any research or make any investigation about the case on your own. Do not consult any reference materials such as the Internet, books, magazines, dictionaries, or encyclopedias. Do not contact anyone to ask them questions about issues that may arise in this case. Remember, you are not permitted to talk to anyone (except your fellow jurors) about this case or anyone involved with it until the trial has ended and I have discharged you as jurors.

*Eighth*, do not make up your mind during the trial about what the verdicts should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Dated this _____ day of _____, 2023.

_____
C.J. WILLIAMS
United States District Judge
Northern District of Iowa

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

MICHAEL GARRICK DENSON,

                Defendant.

No. 23-CR-1003-CJW-MAR

**FINAL JURY INSTRUCTIONS**

_____

Members of the Jury:

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions before you begin your deliberations.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though the instructions I gave you at the beginning of and during trial are not repeated here.

## JOINT PROPOSED INSTRUCTION NO. 28

In conducting your deliberations and returning your verdicts, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because your verdicts—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decisions, but only after you have considered all the evidence, discussed it fully with your fellow jurors and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if your discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or simply to reach your verdicts.

*Third*, if you find the defendant guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way when deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court.

Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdicts must be based solely on the evidence and on the law that I have given to you in my instructions. Each verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be—that will be entirely for you to decide.

## JOINT PROPOSED INSTRUCTION NO. 29

Attached to these instructions you will find the Verdict Forms and Interrogatory Form. These forms are simply the written notices of the decisions that you reach in this case. The answers to these forms must be the unanimous decisions of the Jury.

You will take the forms to the jury room, and when you have completed your deliberations and each of you has agreed to the answers to the forms, your foreperson will fill them out, sign and date them, and advise the Court Security Officer that you are ready to return to the courtroom. Your foreperson should place the signed forms in the blue folder, which the Court will provide you, and then your foreperson will bring the blue folder when returning to the courtroom.

Finally, members of the Jury, take this case and give it your most careful consideration, and then without fear or favor, prejudice or bias of any kind, return the Verdict Forms and Interrogatory Form in accord with the evidence and these instructions.

Dated this _____ day of _____, 2023.

_____
C.J. WILLIAMS
United States District Judge
Northern District of Iowa

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 23-CR-1003-CJW-MAR |
| vs. | **VERDICT FORM FOR COUNT 1** |
| MICHAEL GARRICK DENSON, | |
| Defendant. | |

_____

We, the Jury, unanimously find the defendant, MICHAEL GARRICK DENSON _____ [Not Guilty/Guilty] of the crime of conspiracy to distribute a controlled substance, as charged in Count 1.

Note: If you unanimously find the defendant not guilty of Count 1, have your foreperson write "not guilty" in the above blank space, and sign and date this Verdict Form. Then go on to answer the Verdict Form relating to Count 2. Do not answer the questions in the Interrogatory Form for Count 1. If you unanimously and beyond a reasonable doubt find the defendant guilty of Count 1, have your foreperson write "guilty" in the above blank space and sign and date this Verdict Form. Then, go on to answer the Interrogatory Form for Count 1.

_____     _____
FOREPERSON                                              DATE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 23-CR-1003-CJW-MAR |
| vs. | **INTERROGATORY FORM FOR COUNT 1** |
| MICHAEL GARRICK DENSON, | |
| Defendant. | |

_____

If you found the defendant guilty of the crime charged in Count 1 of the Indictment, please answer the following questions, then have your foreperson sign and date this Interrogatory Form.

If you found the defendant not guilty of the crime charged in Count 1 of the Indictment, do not answer the following questions contained in this Interrogatory Form.

We, the Jury, unanimously find the type of drug and quantity was:

_____ A mixture or substance containing a detectable amount of methamphetamine

_____ 500 grams or more

_____ At least 50 grams but less than 500 grams

_____ Less than 50 grams

_____ Actual (pure) methamphetamine

       _____ 50 grams or more

       _____ At least 5 grams but less than 50 grams

       _____ Less than 5 grams


_____ A mixture or substance containing a detectable amount of heroin

       _____ 100 grams or more

       _____ Less than 100 grams


_____        _____

FOREPERSON                               DATE

Case 2:23-cr-01003-CJW-MAR   Document 49-1   Filed 09/01/23   Page 37 of 38

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

MICHAEL GARRICK DENSON,

              Defendant.

No. 23-CR-1003-CJW-MAR

**VERDICT FORM FOR COUNT 2**

_____

      We, the Jury, unanimously find the defendant, MICHAEL GARRICK DENSON

_____ [Not Guilty/Guilty] of the crime possession with intent to distribute a controlled substance, as charged in Count 2.

      Note: If you unanimously find the defendant not guilty of the above crime, have your foreperson write "not guilty" in the above blank space, and sign and date this Verdict Form. If you unanimously and beyond a reasonable doubt find the defendant guilty of the above crime, have your foreperson write "guilty" in the above blank space and sign and date this Verdict Form.

_____     _____
FOREPERSON                                   DATE