# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN (DUBUQUE) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. MICHAEL GARRICK DENSON, *Defendant*. | CASE NO. 2:23-CR-1003-CJW-MAR-1 **DEFENDANT'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS** |

Defendant Michael Garrick Denson makes the following objections to the Court's proposed jury instructions. (Doc. 49-1).

### 1. Defendant's Proposed "Addict-Informer" jury instruction.

Defendant proposed an addict-informer jury instruction. (Doc. 46, p. 13). This is modeled on a Third Circuit jury instruction. The Government objects to this proposed instruction. (Doc. 47). The Court did not include this proposed instruction in its proposed jury instructions. (Doc. 49-1). Defendant objects to its omission.

In its Objections, the Government correctly notes that the trial court has the discretion to give such an instruction. The Government's reliance on the *Smart* decision is, however, misplaced. True, the Eighth Circuit in *Smart* confirms that the reviewing court "leave[s] to the district court's discretion, depending on the circumstances of each case," the issue as to whether the instruction should be given. *United States v. Smart*, 22-1129, 22-1131, p. 11 (8th Cir. Feb. 21, 2023). However, the Court goes to note that in Smart's trial "the district court modified our model credibility instructions to include, 'In deciding what testimony to believe, consider … the extent to which drug use or other conditions affected the ability of the witnesses to perceive the events testified about.'" *Id.* at 11. *See also*, Final Jury Instruction No. 4 in *United States v. Smart*, Southern District of Iowa Case No. 20-CR-219, doc. 122, p. 5).

Defendant understands that the Government intends to call at trial several witnesses whose credibility could be called into question due to past (and in some instances present) drug usage. Defendant is concerned that the jury will have little if any firsthand knowledge of addict-

informers. Therefore, an addict-informer instruction, whether as proposed by Defendant here or as given by the district court in *Smart*, will assist the jury in deciding whether and to what extent these witnesses should be believed.

The Court should give this instruction.

## 2. Defendant's Proposed "Mere Presence" jury instruction.

Defendant proposed a "mere presence" informer jury instruction. (Doc. 46, p. 29). The Government objects to this proposed instruction. (Doc. 47). The Court did not include this proposed instruction in its proposed jury instructions. (Doc. 49-1). Defendant objects.

A trial court has the discretion to give a "mere presence" jury instruction. *United States v. Meads*, 479 F.3d 598, 601 (8th Cir. 2007). "A defendant is entitled to a theory of defense instruction that is timely requested, supported by the evidence, and correctly states the law." *Id*. (citing *United States v. Claxton*, 276 F.3d 420, 423 (8th Cir.2002)).

There is no dispute that Defendant timely proposed his jury instruction and that it correctly states the law. The only issue is whether his instruction is supported by the evidence. Defendant respectfully submits that at this point, without having heard from the Government's witnesses, the Court is not in a position to make a finding that the mere presence instruction is unsupported by the evidence.

Defendant requests that the Court reserve ruling on this jury instruction until it has heard evidence at trial.

Respectfully Submitted,

*/s/ David E. Mullin*

David E. Mullin
Mullin & Laverty, pc
P.O. Box 10436
Cedar Rapids, Iowa 52410-0436
Phone:  (319) 395-9191
Fax:     (319) 483-6457
E-mail:  dmullin@mullinlaverty.com

Attorneys for Defendant
Michael Garrick Denson

### Certificate of Service

I hereby certify that on September 1, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties or attorneys of record.

*/s/ David E. Mullin*

cc: Michael Garrick Denson